Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. An employment relationship existed between plaintiff-employee and defendant-employer at all relevant times herein.
3. At all times relevant, defendant was a duly qualified self-insured employer.
4. The parties stipulated that plaintiffs average weekly wage was $381.28, yielding a compensation rate of $254.31.
5. The parties stipulated that plaintiff sustained an injury by accident to her back arising out of the course of her employment with defendant-employer and as a direct result of a specific traumatic incident of the work assigned on January 31, 1996.
6. The issue presented is whether there is a causal connection between plaintiffs current medical condition and her January 31, 1996 injury by accident?
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner with some modifications and finds as follows:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was a 47 year old high school graduate.
2. On January 31, 1996, plaintiff was employed by defendant as a clerk. Plaintiffs job duties included some lifting, reaching and bending.
3. On January 31, 1996, plaintiff sustained an injury by accident to her back arising out of and in the course of her employment with defendant and as a direct result of a specific traumatic incident of the work assigned on January 31, 1996 when she was jarred in an elevator that fell two to three floors.
4. As a result of plaintiffs injury by accident, she presented to Duke University Employee Occupational Health Services. Dr. George W. Jackson examined plaintiff and diagnosed her with cervical and lumbosacral strain. Dr. Jackson sent plaintiff home for the remainder of the day and recommended that plaintiff return to work on the next day. Dr. Jackson prescribed pain medication and physical therapy, and plaintiff returned to work on the following day.
5. Plaintiff was discharged from physical therapy on or about February 26, 1996 and was released from further medical treatment on March 15, 1996.
6. As a result of the compensable injury by accident, plaintiff missed less than seven calendar days of work and has not been paid any disability compensation. Defendant provided medical treatment for the back strain.
7. At the hearing before the Deputy Commissioner, plaintiff testified that her back pain continued beyond March 15, 1996 and that due to her pain, she was unable to perform housework or recreational activities. Notwithstanding plaintiffs alleged continuing pain, she waited over a year, until March 21, 1997, to return to Dr. Jackson for relief. After a subsequent examination and evaluation on or about April 9, 1997, Dr. Jackson determined that plaintiffs complaints were not related to her January 31, 1996 injury by accident.
8. Plaintiff waited another four months before seeking further medical treatment. On August 15, 1997, and upon her attorneys request, plaintiff self-referred to Dr. Stephen A. Grubb, an orthopaedic surgeon. Dr. Grubb also diagnosed plaintiff with a cervical sprain/strain injury and lumbar discogenic back pain.
8. Dr. Grubb recommended bone densitometry and more physical therapy. Dr. Grubb did not indicate that there was any causal connection between plaintiffs August 15, 1997 back pain complaints and her January 31, 1996 injury by accident.
9. There is insufficient competent evidence in the record to establish by the greater weight that a causal connection exists between plaintiffs current complaints of back pain and her January 31, 1996 injury by accident.
 ***********
Based upon the findings of fact and conclusions of law, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On January 31, 1996, plaintiff sustained a compensable injury by accident arising out of and in the course of her employment with defendant. N.C. Gen. Stat. 97-2(6).
2. Because the greater weight of the evidence fails to establish a causal relationship between the compensable injury by accident and plaintiffs current complaints of back pain, plaintiff is not entitled to payment by defendant of her medical treatment. N.C. Gen. Stat. 97-25.
3. Plaintiff is, therefore, entitled to no further compensation under the provisions of the North Carolina Workers Compensation Act. N.C. Gen. Stat. 97-2(6),(19).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. The plaintiffs claim is, and under the law must be, DENIED.
2. Each side shall pay its own costs.
This the ___ day of December, 2000.
 S/___________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/_____________________ BERNADINE S. BALLANCE COMMISSIONER
S/_________________ RENE C. RIGGSBEE COMMISSIONER